**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **WALTER E. REYES**, | ) | **CASE NO.**: 5:16 CV 1181 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE JOHN ADAMS** |
| | ) | |
| **WARDEN, MADISON CORRECTIONAL INSTITUTION,** | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

This action is before the Court upon objections filed by Petitioner Walter R. Reyes ("Petitioner") asserting error in the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. #30). Petitioner makes no objection to the recommendations that his motions for Summary Judgment (Doc. #23) and for the Entry of Default (Doc. #27) be denied. Accordingly, the Court will adopt the R&R as to both motions. Petitioner's Motion for Summary Judgment (Doc. # 23) and his Motion for the Entry of Default (Doc. # 27) are DENIED.

**I.     FACTUAL AND PROCEDURAL HISTORY**

Petitioner does not object to the factual background and procedural history presented in the R&R. In the absence of objection, the Court adopts the factual and procedural history in the Report as written.

**II.    STANDARD OF REVIEW**

Motions made pursuant to 28 U.S.C. § 2254 are governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA prescribes a narrow *habeas corpus* remedy only where a State court adjudication has resulted in (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). AEDPA further limits "clearly established Federal law" to those principles "determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1). For the purposes of *habeas* review after AEDPA, "clearly established Federal law" refers to the express holdings of the United States Supreme Court "as opposed to the dicta" of that Court's decisions at "the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 365 (2000).

When evaluating a § 2254 petition, this Court notes that AEDPA and decisional law applying its restrictions have clearly stated that a district court may not "apply its own views of what the law should be" but must issue a writ only where "clearly established federal law" has been applied *unreasonably,* not merely erroneously or incorrectly. *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001) (emphasis added). The Supreme Court reiterates:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254 (d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could

disagree that the state court's decision conflicts with [the United States Supreme Court's] precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citations omitted). The Sixth Circuit explains:

A state court decision is 'contrary to' clearly established Federal law 'if the state court arrives at a conclusion opposite to that reached by [U.S. Supreme Court] on a question of law,' or 'if the state court confronts facts that are materially indistinguishable from a relevant [U.S.] Supreme Court precedent' and arrives at a different result. A state court decision is an 'unreasonable application of' clearly established Federal law 'if the state court correctly identifies the correct governing legal rule from [U.S. Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case. An 'unreasonable application' can also occur where 'the state court either unreasonably extends a legal principle from [the U.S. Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005) (internal citations omitted).

Where, as here, a party files written objections to the report and recommendation issued by the magistrate judge, this Court "shall make" a *de novo* "determination of those portions of the record or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1). Only those portions of a report and recommendation to which the parties have made an objection are subject to review. Absent an objection, this Court may adopt the magistrate's report without review. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 145 (1985). With regard to those portions of the Report and Recommendation under review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1).

The Magistrate Judge Act (28 U.S.C. § 636 *et seq.*) "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 907 n. 1 (6th Cir. 2000); *see also Clark v. U.S.*, 764 F.3d 653 (6th

Cir. 2014) and *Enyart v. Coleman*, 29 F.Supp.3d 1059 (N.D. Ohio 2014). Thus, this Court's review is predicated on a proper objection to the Magistrate's evaluation of the issues presented to the Magistrate. Fed. R. Civ. Pro. 72 (b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") It is incumbent upon the party seeking relief to file objections "which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." Fed. R. Civ. Pro. 72 (b)(3). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) (citing *U.S. v. Walters*, 638 F.2d. 947, 949-50 (6th Cir. 1981)).

## III. LAW AND ANALYSIS

Although Petitioner originally identified five grounds for relief, his objections address his numbered grounds two and three and the timeliness of his petition and underlying claims. Accordingly the Court will ADOPT the recommendations in the R&R as written with regard to grounds one, four, and five. Petitioner states four objections to the R&R: (1) he objects to the Magistrate's conclusion that his ineffective assistance of counsel claims concerning his appellate rights are procedurally defaulted; (2) he objects to the Magistrate's conclusions that his due process and ineffective assistance of counsel claims arising from the trial court's failure to address his appellate rights during his sentencing hearing are not cognizable in *habeas* and procedurally defaulted; (3) he objects to the Magistrate's conclusion that he is not entitled to equitable tolling; and (4) he objects to the Magistrate's conclusion that his appeal-based claims are time-barred. The Court will consider Petitioner's objections in the order presented.

### (1) Ineffective Assistance of Trial Counsel

Petitioner contends that the Magistrate erred in finding that his ineffective assistance of counsel claims were procedurally defaulted because he raised the claims to the trial court in his post-conviction petition but did not raise the claims in his appeals of the trial court's decision denying his post-conviction petition. Petitioner states that he was not required to present the claims to the Ohio Eleventh District Court of Appeals or the Supreme Court of Ohio because it would have been futile and under *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) he is not required to perform futile acts. Petitioner's reference to *Maupin* is misplaced, as *Maupin* does not address futile acts and offers no legal or factual support for Petitioner's arguments. Petitioner does not identify any factual or legal defect in the R&R with regard to the handling of his post-conviction petition, moreover, he admits that he did not seek review of the arguments in the Ohio Eleventh District Court of Appeals or the Supreme Court of Ohio. Accordingly, in the absence of a factual or legal defect in the R&R as to the procedural default of Petitioner's ineffective assistance of counsel claims, Petitioner's objection is overruled and the R&R is ADOPTED as written as to this issue.

Within his first objection, Petitioner further contends that the Magistrate erred in finding that he has not demonstrated the cause and prejudice necessary to excuse his procedural default of his ineffectiveness claims. In support of his objection Petitioner mistakes the cause and prejudice relevant to this issue. Instead, Petitioner restates arguments previously raised and rejected as to the cause of his failure to file a timely appeal of his sentence and the prejudice he believes resulted from that omission. None of the alleged impediments described by Petitioner explain why he raised ineffective assistance of counsel claims in his post-conviction petition to the trial court and then abandoned the claims in his subsequent filings in the Eleventh District Court of Appeals and

5

the Ohio Supreme Court. Thus, in the absence of a factual or legal defect in the R&R as to the lack of cause and prejudice excusing Petitioner's procedural default of his ineffective assistance of counsel claims, Petitioner's objection is overruled in its entirety. The R&R is ADOPTED as written with regard to all issues raised in Petitioner's first objection.

### (2) Due Process and Ohio Crim. R. 32(B)

In his second objection, Petitioner asserts that the Magistrate erred in finding the Ohio trial court's apparent failure to fully comply with Ohio Crim. R. 32(B) during Petitioner's sentencing hearing was not a cognizable due process claim. In support of this contention, Petitioner inexplicably states that the Magistrate found a federal basis for his due process claims by misquoting the R&R. The referenced portion of the R&R states: "[t]here is **no** clearly established federal law to support the idea that due process requires a state trial court to provide advice about appeal rights." Doc. #30, p. 36 (portion omitted by Petitioner in bold). Apart from the misquoted portion of the R&R, Petitioner offers no legal or factual support for his contention that the Magistrate erred in finding his due process claim was not cognizable.

As explained in the R&R, with reference to the analysis used in *Moss v. Warden, Lebanon Corr. Inst.*, Case No. 1:09 CV 280, 2010 WL 3703273 (S.D. Ohio June 7, 2010, adopted on Sept. 16, 2010), although a due process right to notice of state appellate rights may be a logical extension of due process rights previously recognized by the United States Supreme Court in the appellate context, it is not an "extension which is clearly established by the holdings of the United States Supreme Court." *Id.* at *3 (internal quotation marks omitted). As quoted in the R&R, the *Moss* court further noted that while some United States Supreme Court holdings could, by extension, suggest the alleged right Petitioner wishes to assert, the Supreme Court has also "firmly and repeatedly held there is no federal constitutional right to direct appeal in state criminal

proceedings." *Id.*; *see also Goeke v. Branch*, 514 U.S. 115, 120 (1995) ("due process does not require a state to provide appellate process at all."). More generally, the United States Supreme Court has "emphatically" rejected the idea that the Constitution permits or requires the high Court to act as a "rule-making organ for the promulgation of state rules of criminal procedure." *Smith v. Robbins*, 528 U.S. 259, 274, 528 U.S. 259 (2000). Simply stated, there is no express holding of the United States Supreme Court that clearly establishes a due process claim for a state court's apparent failure to comply with a state rule of criminal procedure.

In addition to his due process argument, Petitioner briefly references his "Sixth Amendment right to appellate counsel" in his second objection. Doc. #31, p. 6. The R&R addressed Petitioner's ineffectiveness claims in aggregate. In his second objection, Petitioner does not identify any legal or factual defect in the analysis previously summarized. Petitioner's ineffective assistance of counsel claims with regard to both trial counsel's alleged failure to discuss appellate rights and the trial court's failure to provide the information required by Ohio Crim. R. 32 on the record during his sentencing hearing were raised as the first and second claims in his 2015 post-conviction petition to the Ohio trial court. As summarized above, Petitioner did not raise these ineffective assistance of counsel arguments in his appeals of the trial court's denial of his post-conviction petition. As such, for the reasons set forth above, these claims are procedurally defaulted. Accordingly, in the absence of a factual or legal defect in the R&R, Petitioner's objection is overruled and the R&R is ADOPTED as written with regard to Petitioner's second objection.

**(3)     Equitable tolling and time-bar.**

Petitioner's third and fourth objections present overlapping arguments concerning the untimeliness of his petition, the availability of equitable tolling, and the time-bar of his "appeal-

7

based" claims. Petitioner's "appeal-based" claims are identified in the R&R as those raised in the first, fourth, and fifth grounds in his Petition. These grounds challenge the Ohio trial and appellate courts' denials of his post-conviction petition. Petitioner has not objected to the Magistrate's conclusion that these claims, which challenge alleged errors and abuses of discretion in post-conviction proceedings, "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254, because the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (citing *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986) (internal quotation marks omitted)). Because the Court has adopted without objection the Magistrate's conclusion that Petitioner's first, fourth, and fifth grounds are not cognizable, the timeliness or untimeliness of such grounds is moot. Accordingly, the Court OVERRULES AS MOOT Petitioner's fourth objection.

With regard to equitable tolling, Petitioner acknowledged in his petition that his prayer for relief is subject to the timeliness requirements of 28 U.S.C. § 2244 (d)(1)(A), which specifies that relief be sought within a one-year period after the underlying State court judgment became final, in this instance, on or about August 5, 2010. Although Petitioner acknowledged a one-year filing requirement ending on or around August 6, 2011, he contends that the applicable one year period for his petition should be calculated pursuant to 28 U.S.C. § 2244 (d)(1)(D) which allows the statutory period to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In support of his argument, Petitioner states that he was unaware of his appellate rights, unsuccessfully sought representation, and was unable to obtain a transcript of his sentencing hearing before he filed a delayed appeal in February 2013. Petitioner asserts that his actions prior to filing his delayed

appeal and his actions between the 2013 delayed appeal and his 2016 petition were diligent attempts to learn of his appellate rights and to assert those rights in State proceedings.

The R&R thoroughly and specifically examined the timeline between Petitioner's 2010 sentencing, his 2013 delayed appeal, his 2015 post-conviction petition, and his 2016 *habeas* petition. Throughout this discussion, the Magistrate identified a number of defects and omissions in Petitioner's representation that he acted diligently to identify and act on his appellate options. Notable among the issues identified by the Magistrate is the fact that Petitioner never explains when or how he learned of his appellate and post-conviction options. Petitioner offers no explanation for the genesis of his 2013 delayed appeal, but, as the R&R indicates, the record demonstrates that he was aware of both appellate and post-conviction options prior to April 2011, approximately two years before his delayed filing. Petitioner identifies no factual or legal defect in the Magistrate's reasoning but instead reiterates his disagreement with the ultimate conclusions. For the reasons already set forth, if this Court were to conclude Petitioner was entitled to equitable tolling, the issues raised in his Petition are either procedurally defaulted or not cognizable. Petitioner's third objection is MOOT. Accordingly, Petitioner's third and fourth objections are OVERRULED and the R&R is ADOPTED in its entirety.

## IV.   CONCLUSION

For the reasons set forth herein, the Court finds Petitioner's objections are without merit. Accordingly the Objections are OVERRULED. The Court ADOPTS the R&R in its entirety. Petitioner's Motion for Summary Judgment (Doc. # 23) and his Motion for the Entry of Default (Doc. # 27) are DENIED. The Petition is hereby DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There

is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**.

          */s/ John R. Adams*
**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: March 28, 2018