# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WALTER E. REYES, | CASE NO.: 5:16-cv-01181 |
| Petitioner, | |
| v. | JUDGE JOHN R. ADAMS |
| WARDEN, RICHLAND CORRECTIONAL INSTITUION, | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | |

This matter is before the Court on Petitioner Walter E. Reyes' ("Petitioner") Motion to Reopen Habeas Proceedings Pursuant to Civil Rule 60(b)(6) ("Motion to Reopen"). (Pet'r's Mot. to Reopen, ECF No. 39.) For the following reasons, this Court DENIES Petitioner's Motion to Reopen. This Order renders all other pending motions MOOT.

## I. BACKGROUND

On May 16, 2016, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") asserting five grounds for relief. (Pet., ECF No. 1.) On March 28, 2018, in denying the Petition, this Court adopted the Magistrate Judge's Report and Recommendation over Petitioner's objections. (Mem. Op. and Order 9, ECF No. 35.) Specifically, this Court concluded that: (1) the Petition, as a whole, was untimely; (2) grounds one, four, and five of the Petition were non-cognizable; and (3) grounds two and three of the Petition were procedurally defaulted. (*Id.* at 4-9.) Accordingly, the Petition was dismissed, and this Court denied Petitioner a certificate of appealability. (*Id.* at 9-10.) Thereafter, on August 24, 2018, the Sixth Circuit Court of Appeals denied Petitioner's application for a certificate of appealability. (Order 5, ECF No. 38.)

In response, on December 17, 2018, Petitioner filed this Motion to Reopen, to which Respondent has responded. (Pet'r's Mot. to Reopen, ECF No. 39; Resp't's Opp'n to Pet'r's Mot. to Reopen, ECF No. 42.) In his Motion to Reopen, Petitioner argues that his Petition should be reopened pursuant to Federal Rule of Civil Procedure 60(b)(6) because: (1) the Magistrate Judge failed to order an evidentiary hearing regarding Petitioner's plea hearing; (2) the Magistrate Judge erred in denying Petitioner's motion to supplement his Traverse; and (3) the Magistrate Judge erred in denying the inclusion of Petitioner's presentence investigation report in the record. (Pet'r's Mot. to Reopen 2-6, ECF No. 39.) Of note, the arguments Petitioner asserts in his Motion to Reopen were not included in his Objections to the Magistrate Judge's Report and Recommendation. (*See generally* Obj. to R. & R., ECF No. 31.)

## II. ANALYSIS

As an initial matter, this Court recognizes Petitioner's Motion to Reopen as a true Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") motion, and not a successive habeas petition masqueraded as a Rule 60(b) motion, as the Motion to Reopen "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). *See also id.* at 532 n.4 (explaining that when a petitioner "asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," he is not attacking the resolution of a claim on the merits). This is particularly true in the instant matter because this Court was unable to resolve the Petition on the merits as the Petition was untimely and the grounds included in the Petition were either non-cognizable or procedurally defaulted.

More specifically, in his Motion to Reopen, Petitioner is attacking the Magistrate Judge's procedural decisions regarding an evidentiary hearing, allowing Petitioner to supplement his Traverse, and allowing Petitioner to add a specific report to the record for consideration. (Pet'r's Mot. to Reopen 2-6, ECF No. 39.) Although it is not articulated with clarity, it seems that Petitioner's main argument is that had the Magistrate Judge made the opposite procedural decisions, especially with respect to holding an evidentiary hearing, the Petition would not have been deemed untimely, which prevented the Petition to be determined on the merits. (*Id.*) None of Petitioner's arguments in his Motion to Reopen seem to constitute an attempt to argue new constitutional grounds for relief that were not previously asserted in his Petition, or to offer new evidence that was not previously provided in support of his Petition[1], or even to assert that a change in substantive law justifies relief, all of which are, in substance, successive habeas petitions subject to dismissal pursuant to analysis under 28 U.S.C. § 2244(b). *See Gonzalez*, 545 U.S. at 530-32. Therefore, Petitioner's Motion to Reopen is a true Rule 60(b)(6) motion, not a subsequent habeas petition, and will be analyzed as such.

Rule 60(b) enumerates, with specificity, the circumstances in which a party may be relieved from a final judgment – such as mistake or fraud, or when the judgment is void or satisfied. Fed. R. Civ. P. 60(b)(1)-(5). Rule 60(b) also includes a catchall category that provides relief from final judgment for "[a]ny other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief granted under any subsection of Rule 60(b) is "the exception, not the rule" as the Court is "guided by the constraints imposed by a 'public policy favoring finality of judgments and termination of

---

[1] Even if the second and third arguments of Petitioner's Motion to Reopen are attempts to offer new evidence not previously provided, effectively creating a successive habeas petition, analyzing these arguments as a true Rule 60(b)(6) motion rather than a successive habeas petition will not result in error because under either the Rule 60(b) analysis or the 28 U.S.C. § 2244(b) analysis, Petitioner's Motion to Reopen does not survive scrutiny. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005).

litigation.'" *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (quoting *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

With respect to Rule 60(b)(6) motions in particular, "courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Accordingly, "strict standards apply to motions made pursuant to Rule 60(b)(6), under which a court may grant relief 'only in exceptional or extraordinary circumstances' where 'principles of equity mandate relief.'" *Franklin*, 839 F.3d at 472 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). The "extraordinary circumstances" required for relief under Rule 60(b)(6) "'rarely occur' in habeas cases." *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). When "determining whether extraordinary circumstances are present, a court may consider a wide range of factors" which "may include . . . 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)).

Petitioner's arguments in support of reopening his habeas petition do not rise to the high level of "exceptional or extraordinary circumstances" required. *E.g.*, *Buck*, 137 S. Ct. at 766 ("Relying on race to impose a criminal sanction 'poisons public confidence' in the judicial process, . . . a concern that supports Rule 60(b)(6) relief"). *Cf. Gonzalez*, 545 U.S. at 536, 536 n.9 (explaining "not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final," however, "[a] change in the interpretation of a *substantive* statute may have consequences for cases that have already reached final judgment, particularly in the criminal context"). Petitioner's displeasure with the procedural rulings of the

Magistrate Judge is not a circumstance where "principles of equity *mandate* relief" pursuant to Rule 60(b)(6). Because Petitioner has not demonstrated that exceptional or extraordinary circumstances exist in his case, his Motion to Reopen is hereby DENIED.

### III. CONCLUSION

For the foregoing reasons, Petitioner Walter E. Reyes' Motion to Reopen Habeas Proceedings Pursuant to Civil Rule 60(b)(6) is hereby DENIED. This Order renders all other pending motions MOOT.

Furthermore, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: September 16, 2019  /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT